UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cr-00352-TLN-DB |
| Plaintiff, | |
| v. | **ORDER** |
| VINCENT THAKUR SINGH, | |
| Defendant. | |

This matter is before the Court on Defendant Vincent Thakur Singh's ("Defendant") Motion for Reconsideration of the Court's Denial of Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 188.)  The Government filed an opposition.  (ECF No. 193.) Defendant filed a reply.  (ECF No. 199.)  For the reasons set forth below, the Court DENIES Defendant's motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Defendant operated a Ponzi scheme to defraud at least 190 creditors/investors out of over $20 million.  (ECF No. 47 at 5.)  He operated Perfect Financial Group, which he used to solicit funds to make short-term, hard money loans.  (Id.)  Defendant represented to investors that their investments would be both risk-free with profitable high rates of return.  (Id.)  Instead of repaying any investor his principal, Defendant used the money to fund his personal lifestyle, purchase residential properties, make a down payment on commercial real estate for one of his businesses,

1  purchase a convenience store franchise for his brother, and fund his sister's movie project.  (*Id.* at

2  6.)  Defendant used a total of $17,712,474 of investor money for these purposes, and the total

3  amount of loss for all victims was approximately $20,626,886.81.  (*Id.*)

4  　　　　In October 2012, a grand jury returned a 24-count Indictment against Defendant charging

5  him with 21 counts of wire fraud, 2 counts of false statements in bankruptcy proceedings, and 1

6  count of bankruptcy bribery.  (ECF No. 1.)  On March 20, 2014, pursuant to a written plea

7  agreement, Defendant pleaded guilty to Counts 15 and 23 of the Indictment.  (ECF No. 34, 37.)

8  The Court then sentenced Defendant to 188 months imprisonment.  (ECF No. 57.)

9  　　　　On June 24, 2022, Defendant filed a motion for compassionate release.  (ECF No. 166.)

10  In his motion, Defendant requested the Court reduce his term of imprisonment to time served

11  based on various reasons, including sentencing disparity, COVID-19 medical concerns, and his

12  efforts toward rehabilitation.  (*Id.*)  On January 31, 2023, the Court denied the motion, finding

13  Defendant failed to show extraordinary and compelling reasons for release.  (ECF No. 187.)

14  　　　　Defendant filed the instant *pro se* motion for reconsideration on February 16, 2023.  (ECF

15  No. 188.)  Defendant is currently serving his sentence at USP-Atwater.  (ECF No. 193 at 10.)  His

16  projected release date is February 20, 2025, based upon the application of his good conduct time.

17  (*Id.*)

18  **II.   STANDARD OF LAW**

19  　　　　"The Ninth Circuit allows parties to file motions for reconsideration in criminal cases,

20  although the Federal Rules of Civil Procedure do not explicitly provide for such motions."

21  *United States v. Amezcua*, No. 1:93-CR-5046-AWI-1, 2015 WL 5165235, at *1 (E.D. Cal. Sept.

22  2, 2015), *aff'd*, 670 F. App'x 454 (9th Cir. 2016) (citing *United States v. Martin*, 226 F.3d 1042,

23  1047 n.7 (9th Cir. 2000)).  Pursuant to Local Rule 430.1(i), a party filing a motion for

24  reconsideration of a criminal order must show "what new or different facts or circumstances are

25  claimed to exist which did not exist or were not shown upon such prior motion, or what other

26  grounds exist for the motion" and "why the facts or circumstances were not shown at the time of

27  the prior motion."  E.D. Cal. L.R. 430.1(i); *see also United States v. Braswell*, No. 118-CR-

28  00034-DAD-BAM, 2018 WL 8805375, at *1 (E.D. Cal. Sept. 11, 2018).

1

### III. ANALYSIS

Defendant has not shown any "new or different facts or circumstances" exist that would warrant reconsideration. E.D. Cal. L.R. 430.1(i). To the contrary, new developments weigh against granting Defendant's motion.[1] (ECF No. 374.) The Bureau of Prisons currently reports only one active case of COVID-19 at USP-Atwater. *BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/index.jsp (last visited April 21, 2023). In addition, as the Government points out, Defendant's medical records indicate he is fully vaccinated for COVID-19, including the booster, and is not being treated for any medical conditions recognized by the Centers for Disease Control and Prevention as conditions that increase the likelihood of severe illness or death if exposed to COVID-19. (ECF No. 193 at 18.) As to Defendant's remaining arguments, they are each duplicative of his original arguments. Defendant fails to distinguish new facts or circumstances that did not exist at the time of his original motion. Furthermore, Defendant does not demonstrate any articulable reason "why the facts or circumstances were not shown at the time of the prior motion." *Brawell*, 2018 WL 8805375, at *1. As such, Defendant again fails to meet his burden to show extraordinary and compelling reasons for his release. *See United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021).

However, even assuming Defendant had shown extraordinary and compelling reasons for his release, the Court would deny Defendant's motion based on the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors.[2] *See* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting compassionate release). Defendant's 188-month sentence is well-supported by the § 3553 factors and falls within the applicable guidelines range. In particular, Defendant's history and characteristics, the nature and circumstances of the offense, the need for

---

[1] The Government argues that Defendant failed to comply with the exhaustion requirement pursuant to 18 U.S.C. § 3582(c)(1), which requires Defendant exhaust administrative remedies with the warden at USP-Atwater. (ECF No. 193 at 10.) However, because the motion fails on the merits, the Court need not and does not address the exhaustion argument.

[2] The Court did not address the § 3553(a) factors in its previous order because Defendant failed to meet his burden to show extraordinary and compelling reasons for his release. (ECF No. 187 at 8.)

3

adequate deterrence, and the need to protect the public all substantially outweigh Defendant's medical concerns and rehabilitative efforts.  Therefore, the Court finds a reduced sentence is not warranted.

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Reconsideration.  (ECF No. 188.)

IT IS SO ORDERED.

**DATE:  April 25, 2023**

Troy L. Nunley
United States District Judge