UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT THAKUR SINGH,<br><br>Defendant. | No. 2:12-CR-00352-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Vincent Thakur Singh's ("Defendant") *pro se* Motion to Reduce Sentence under the First Step Act of 2018.[1] (ECF No. 201.) The Government filed an opposition. (ECF No. 207.) Defendant did not file a reply. For the reasons discussed below, Defendant's motion is DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On March 20, 2014, Defendant pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343 and false statements in bankruptcy in violation of 18 U.S.C. § 152(3). (ECF Nos. 34, 37.) On October 30, 2014, the Court sentenced Defendant to a 188-month term of imprisonment to be

---

[1] Based on the substance of Defendant's brief and the relief requested therein, the Court construes Defendant's pleading as a motion to reduce sentence and declines the Government's request to redesignate the pleading under 28 U.S.C. § 2241. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that pleadings by pro se litigants must be held to less stringent standards than formal pleadings drafted by lawyers.)

followed by a 36-month term of supervised release.  (ECF No. 57.)

During his imprisonment, Defendant earned time credits pursuant to the First Step Act of 2018.  (ECF No. 201 at 3); 18 U.S.C. § 3632(d)(4).  In relevant part herein, 365 credits were applied to adjust Defendant's release date from February 20, 2026 to February 20, 2025.  (ECF No. 201 at 3.)  By Defendant's calculations, as of August 8, 2024, Defendant had a balance of 260 unused time credits.  (*Id*.)

On April 7, 2024, Defendant submitted a request for administrative remedy to the Federal Bureau of Prisons ("BOP") requesting the BOP apply his unused time credits towards Defendant's remaining time in confinement such that he could begin supervised release immediately.  (ECF No. 201 at 9.)  On April 9, 2024, BOP denied Defendant's request.  (*Id*.)  On May 12, 2024, Defendant submitted an appeal of the denial.  (*Id*. at 8.)

**II.    STANDARD OF LAW**

Under the First Step Act, a "prisoner . . . who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits[.]"  18 U.S.C. § 3632(d)(4)(A).  "Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release."  18 U.S.C. § 3632(d)(4)(C).  "The BOP is therefore required to apply time credits to eligible prisoners who have earned them and cannot categorically make prisoners ineligible for such credits in a manner that contravenes the statutory scheme set forth in 18 U.S.C. § 3632."  *Sierra v. Jacquez*, No. 2:22-cv-01509-RSL-BAT, 2022 WL 18046701, at *4 (W.D. Wash. Dec. 27, 2022), *report and recommendation adopted*, 2023 WL 184225 (W.D. Wash. Jan. 13, 2023).

**III.    ANALYSIS**

In the instant petition, Defendant contends his unused time credits should be applied towards his remaining time in confinement such that he could begin supervised release immediately.  (*See* ECF No. 201.)  In opposition, the Government argues Defendant failed to exhaust the BOP's administrative remedies.  (ECF No. 207 at 3–4.)  The Court will first address whether Defendant exhausted administrative remedies and then turn to whether time credits could

1  be applied towards the Defendant's remaining time in confinement.

2          A.       <u>Exhaustion of Administrative Remedies</u>

3  Generally, an inmate must exhaust his administrative remedies before filing a lawsuit.
4  *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). The court has the discretion to waive this
5  requirement, however, if exhaustion would be futile, administrative remedies would be
6  inadequate, irreparable injury would result, or the administrative proceedings would be void.
7  *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). One key consideration in exercising this
8  discretion is whether waiving the exhaustion requirement encourages the inmate to bypass the
9  administrative scheme. *Id*.

10  The first step in seeking administrative remedies with the BOP is a request for informal
11  resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient
12  results, the BOP makes available to prisoners a formal three-level administrative remedy process:
13  (1) a Request for Administrative Remedy filed at the institution where the inmate is incarcerated;
14  (2) a Regional Administrative Remedy Appeal filed at the Regional Office for the geographic
15  region in which the inmate's institution is located; and (3) a Central Office Administrative
16  Remedy Appeal filed with the Office of General Counsel. 28 C.F.R. § 542.10 *et seq*.

17  The Government contends "[Defendant] failed to exhaust administrative remedies about
18  any [earned time credit] accounting, or otherwise as to policy, disputed program, or actively" and
19  argues, in a conclusory fashion, Defendant's motion should be dismissed. (ECF No. 2-7 at 4.)
20  The Government's brief, however, inexplicably ignores Defendant's efforts to engage in BOP's
21  administrative resolution procedures and its apparent failure to respond to Defendant's appeal.
22  (ECF No. 201 at 8–9.) Further, the Government does not cite legal authority to support its
23  argument that Defendant's efforts are insufficient to meet the requirements of administrative
24  exhaustion. Without more, the Court is unable to conclude Defendant failed to exhaust
25  administrative remedies.

26  As such, the Court, in its discretion, waives the exhaustion requirement on the issue
27  presented in Defendant's motion and reaches its merits.

28  ///

   B. <u>Application of Time Credits</u>

Defendant contends his unused time credits should be applied towards his remaining time in confinement such that he could begin supervised release immediately. (*See* ECF No. 201.) However, for prisoners who were sentenced to a term of supervised release, the statute prohibits the application of time credits to begin the supervised release term more than 12 months before that supervised release term initially was set to begin. 18 U.S.C. § 3624(g)(3) ("If the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release . . . , the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, *not to exceed 12 months*, based on the application of time credits under section 3632." (emphasis added)). Here, time credits were applied to begin Defendant's supervised release term 12 months before the supervised release term was initially set to begin — i.e. Defendant's supervised release date was adjusted from February 20, 2026, to February 20, 2025. (ECF No. 201 at 3.) No additional time credits can be applied such that Defendant could begin supervised released immediately. 18 U.S.C. § 3624(g)(3); (ECF No. 201 at 9.)

Accordingly, the Court hereby DENIES Defendant's motion.

**IV.** **CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion to Reduce Sentence. (ECF No. 201.)

IT IS SO ORDERED.

Date: January 21, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE